*354 JUSTICE TRIEWEILER
dissenting.
I dissent from the majority’s conclusion that out-of-court statements made by Rick Losson to the effect that his wife had “threatened to kill him,” or that he was afraid “she would kill him,” were not inadmissible hearsay statements.
It is clear from a review of the evidence in this case that the statements were offered for one purpose only. That purpose was to prove that defendant had planned to kill Rick Losson prior to the date on which his death occurred. To contend, as does the majority, that the jury could infer from the statements that it was unlikely that Rick would attack defendant, flies in the face of the fact that he had a criminal record for abusing and beating her, and a history of having done so for the entire one and a half years of their relationship.
Rule 801(c), M.R.Evid., reads:
Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.
By that definition, every one of Rick’s out-of-comb statements were inadmissible hearsay. They were all made by the victim, who was not there to testify, nor be cross-examined. They were all offered to prove that defendant had either threatened to kill Rick, or that he honestly believed she intended to kill him. They were offered to disprove her denial that his death was premeditated.
All the arguments about the decedent’s state of mind are merely window dressing to excuse the admission of statements by someone who was not under oath and not subject to confrontation by defendant so that the veracity of the statements could be tested. Under the facts in this case, the decedent’s state of mind was not an issue, and the out-of-court statements should not have been admitted.
To admit them under the pretext that they established the decedent’s state of mind, and then instruct the jury not to consider whether what he said was true, is a use of smoke and mirrors to avoid the Rules of Evidence. The effect of this decision is that the state of mind exception effectively swallows the hearsay rule. The District Court’s instruction did not cure the prejudice to defendant.
Therefore, I would reverse the judgment of the District Court and remand this case for retrial after excluding the inadmissible hearsay evidence.